UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD EUGENE BROOKS,             :     CIVIL ACTION NO. 3:CV-07-1046
                                  :
        Petitioner                :     (Judge Nealon)
                                  :
    v.                            :
                                  :
                                  :
GEORGE PATRICK, et al.,           :
                                  :
        Respondents               :

FILED
SCRANTON
JUN 2 0 2008
PER
DEPUTY CLERK

## MEMORANDUM AND ORDER

Petitioner, Eugene Brooks, filed the instant petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  He attacks a conviction and sentence

imposed by the Court of Common Pleas for Adams County, Pennsylvania. (Doc.

1).  For the reasons that follow, the Court will deny the petition.

## I.    Background

The following background has been extracted from the Pennsylvania

Superior Court's July 9, 2004 Opinion affirming the dismissal of Brooks' petition

under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq.

("PCRA").

On September 4, 2002, Brooks entered pleas with respect to two sets

of consolidated charges.  In Docket No. CC-451-02, he pled guilty to possession with intent to deliver a controlled substance, 35 Pa.C.S.A. § 780-113(a)(30).  In Docket No. CC-458-02, he pled *nolo contendere* to possession with intent to deliver a controlled substance.  The charges against Brooks were based on his sale of crack cocaine to undercover police officers on November 8, 2001 and March 28, 2002. On October 17, 2002, Brooks was sentenced pursuant to a plea agreement to fines and 36 months intermediate punishment, which consisted of partial confinement (10 months), house arrest (10 months), and probationary phases ( 16 months).

Brooks did not file a direct appeal from his judgment of sentence.  On December 19, 2002, he filed a pro se PCRA petition. The trial court appointed counsel to represent Brooks, and counsel filed an amended PCRA petition.  Pursuant to an April 22, 2003 trial court Order, Brooks was permitted to again amend his PCRA petition, and the trial court postponed the hearing scheduled for the matter pending further discovery.  On May 27 and 28, 2003, the trial court held a hearing on Brooks' PCRA petition.  On June 4, 2003, the trial court denied and dismissed Brooks' PCRA petition.  This timely appeal follows.

On appeal Brooks argues that the trial court erred by finding that: (1) his pleas were knowingly, voluntarily and intelligently entered, (2) his counsel was not ineffective, and (3) the Commonwealth did not violate <u>Brady v. Maryland</u>.

(Doc. 21, App. B, Pennsylvania Superior Court Opinion at pp. 1-2).  By

Memorandum Order filed July 9, 2004, the Pennsylvania Superior Court affirmed

the Petitioner's conviction and sentence. <u>Id</u>.

On August 12, 2004, Brooks filed a petition for allowance of appeal with the

Pennsylvania Supreme Court.  (Doc. 21, Att. B, petition for allowance of appeal).

On December 8, 2004, the Pennsylvania Supreme Court denied Brooks' petition for allowance of appeal.  Commonwealth v. Brooks, 581 Pa. 689, 864 A.2d 528 (Pa. Dec 08, 2004) (Table).

On July 8, 2003, while Brooks' PCRA appeal was pending, the Commonwealth filed a motion to revoke Brooks from his intermediate punishment ("IP"), alleging that Brooks violated the IP conditions 1a (drug use prohibition) and 3a (new crime prohibition) by testing positive for cocaine use on July 7, 2003. (Doc. 21, App. C, Motion to Revoke Intermediate Punishment and to Re-Sentence Defendant).

On October 16, 2003, the Court of Common Pleas conducted an evidentiary hearing, finding that Petitioner's cocaine use violated the terms and conditions of his IP sentence. (Doc. 21, App. C, Order of Court).  Revocation was deferred pending completion of a short-form pre-sentence investigation by the Adams County Adult Probation Office.  Id.

On November 24, 2003, Petitioner's original IP sentence of thirty-six (36) months was revoked and Brooks was re-sentenced to an IP term of forty-eight (48) months. (Doc. 21, App. C, Order).  Brooks received credit for ten months previously spent in partial confinement and five months and seven days spent on

3

house arrest. Id. No direct appeal was filed from the revocation sentence.

On February 11, 2005, approximately two months after the Pennsylvania Supreme Court denied allocatur on Petitioner's PCRA appeal, the Commonwealth filed a motion to revoke Brooks' IP sentence for a second time. (Doc. 21, Ex. D, Motion to Revoke Intermediate Punishment and to Re-Sentence Defendant). The Commonwealth alleged that Brooks violated the term of his IP sentence on February 7, 2005, when he was found to be intoxicated by the Probation Office, after yielding a BAC reading of .219 percent. Id.

On February 16, 2005, Brooks appeared before the Court of Common Pleas of Adams County, where he acknowledged violating the conditions of his IP sentence by consuming alcohol. (Doc. 21, App. D, Order). The Court of Common Pleas revoked Brooks' IP sentence and re-sentenced him to an aggregate term of forty-eight (48) months, which included 805 days to be spent in partial confinement and six (6) months on house arrest. Id. Because Petitioner was awarded 805 days of credit for the partial confinement time, he was immediately eligible to begin serving the house arrest portion of his sentence. Id. No direct appeal was filed from the revocation sentence.

On February 22, 2005, Brooks filed a second PCRA petition, challenging

4

various aspects of his original pleas and original IP sentence. (Doc. 21, App. E,

PCRA petition). By Order dated March 4, 2005, the Court of Common Pleas of

Adams County notified Brooks of its intention to dismiss the petitioner as untimely

pursuant to 42 Pa.C.S. § 9545. (Doc. 21, App. E, Order).

On March 31, 2005, the PCRA Court dismissed Brooks' PCRA petition as

untimely, noting that Brook's "response failed to raise any statutory exceptions to

the one-year statutory time limit." (Doc. 21, App. E, Order).

On May 2, 2005, Brooks filed a notice of appeal to the Pennsylvania

Superior Court. (Doc. 21, App. I, Superior Court Docket Sheet). On September

23, 2005, Brooks' appeal was dismissed for his failure to file a brief. Id.

On July 5, 2005, while Brooks' second PCRA appeal was pending before

the  Pennsylvania Superior Court, the Commonwealth filed a third motion to

revoke Brooks' IP sentence, alleging that Brooks violated conditions 1a and 3a by

testing positive for cocaine use on June 16, 2005, and failed to cooperate with a

probation evaluator on June 29, 2005. (Doc. 21, App. F, Motion to Revoke

Intermediate Punishment and to Re-Sentence Defendant).

On September 27, 2005, Brooks appeared before the Court of Common

Pleas of Adams County, and acknowledged violating the terms and conditions of

his IP sentence. (Doc. 21, App. F, Order). Finding that IP was no longer an effective rehabilitative tool, the Court revoked Brooks' IP sentence and re-sentenced him to a state prison term of thirty-three (33) to seventy-two (72) months. Id. The Court credited Brooks' sentence with twenty-seven (27) months and seven (7) days. Id. On October 26, 2005, Petitioner filed a timely notice of appeal to the Pennsylvania Superior Court from his third revocation sentence. (Doc. 21, App. G, Brief for Appellant). Petitioner raised a plethora of challenges to his 2002 guilty and nolo contendere pleas, and original judgment of sentence, including the following:

- Petitioner's pleas were involuntary;
- the Adams County IP Program was unconstitutional;
- Petitioner's original IP sentence was illegal;
- the Commonwealth breached the original plea agreement by revoking Petitioner from IP;
- the Commonwealth engaged in prosecutorial misconduct;
- the Common Pleas Court erred in imposing fines and costs upon Petitioner.

Id. The only challenge to the September 27, 2005 revocation sentence was a claim that Petitioner could not "legally be re-sentenced for a violation of a sentence of intermediate punishment." Id.

On August 22, 2006, the Pennsylvania Superior Court, adopting the PCRA

Court's Pa.R.A.P. 1925(a) opinion as well-reasoned,[1] affirmed Brooks' judgment

of sentence. (Doc. 21, App. G, Memorandum Opinion). Petitioner then filed a

petition for allowance of appeal to the Pennsylvania Supreme Court which was

denied by a per curiam opinion on December 27, 2006. (Doc. 21, App. G, Order).

Brooks filed a third PCRA petition in May, 2007. (Doc. 21, App. H). By

Order dated May 25, 2007, the Adams County Court of Common Pleas notified

Brooks of its intention to dismiss the petition as untimely and granted Brooks

twenty (20) days to file a response to the Order. Id. No response was filed.

On June 8, 2007, Brooks filed the instant petition for writ of habeas corpus

in which he raises the following issues:

> A.   Petitioner's convictions and sentences were obtained by
> the entry of guilty pleas which were not voluntarily,
> knowingly and intelligently made with a full

---

[1] The PCRA Court opinion noted that Petitioner's appeal should be denied because of Petitioner's failure to comply with Pa.R.A.P. 1925(b), which requires the filing of a concise statement of matters complained of on appeal. Id. See also Pa.R.A.P. 1925(b). The PCRA Court concluded that Petitioner's concise statement, which consisted of sixteen pages of "disjointed references to a number of different proceedings held in [Petitioner's case]," was functionally equivalent to no concise statement at all. (Doc. 21, App. G at p. 102). Moreover, the PCRA Court determined that Petitioner's claims were waived because they pertained to his original pleas and sentence and were not raised on direct review or included in Brooks' timely filed PCRA petition.

7

understanding of the consequences of said plea, thereby
amounting to a violation of Petitioner's Sixth and
Fourteenth Amendment rights.

B.   The Commonwealth of Pennsylvania breached the guilty
plea contract by failing to honor the agreed upon
sentence of county intermediate punishment, and instead
imprisoned Petitioner in the county prison which was not
part of the consideration promised for waiving
petitioner's sixth amendment right to trial, thereby
rendering said sentence a violation of Petitioner's rights
under the due process clause.

C.   As a result of a breach in the guilty plea contract,
Petitioner was deprived of a state created liberty interest
in his participation in the county intermediate
punishment program, which thereby deprived Petitioner
both liberty and property in violation of the Fourteenth
Amendment and amounted to false imprisonment.

D.   Petitioner's re-sentencing to thirty-three (33) to seventy-
two months in state prison after he had already served ten
(10) months of total confinement in a county prison
violated Petitioner's right to be free from a second
increased punishment for the same offense in violation of
the Double Jeopardy Clause of the Fifth Amendment.

E.   Petitioner was deprived of due process and equal
protection as guaranteed to him by the Fourteenth
Amendment where the appellate courts of the
Commonwealth refused to provide an effective and
meaningful appellate review of Petitioner's federal
constitutional claims, where the courts arbitrarily denied
review without written opinion, rendering petitioner's
right to petition for redress of grievances and right of
access to the courts.

8

F.    Petitioner has been deprived of his constitutional right to the effective assistance of counsel at trial, on state appeals as of right and during all critical stages of the criminal process in violation of rights afforded by the Sixth and Fourteenth Amendments.

G.    Petitioner's ten (10) months of total confinement in the Adams County Prison, although Petitioner was never sentenced to imprisonment, was an egregious deprivation of liberty where said confinement was beyond the authority of the state to impose under a sentence of county intermediate punishment, thereby amounting to cruel and unusual punishment in violation of protections afforded by the Eighth Amendment.

H.    As a result of the unconstitutional deprivation of liberty by the Commonwealth of Pennsylvania, the Petitioner was deprived of Federal Veteran's Disability Benefits for which he would have been rightfully entitled to had the Commonwealth not unlawfully incarcerated Petitioner, thereby depriving him of a substantial property interest protected by the Fourteenth Amendment .

I.    The Pennsylvania County Intermediate Punishment Act, as implemented and executed in Adams County Pennsylvania is unconstitutional, resulting in deprivation of liberty, property, and impairs the obligation of contract in violation of the due process clause.

(Doc. 1, Petition).

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and

Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to

9

Brooks that he could either have the petition ruled on as filed, that is, as a § 2254

petition for writ of habeas corpus and heard as such, but lose his ability to file a

second or successive petition, absent certification by the court of appeal, or

withdraw his petition and file one all-inclusive § 2254 petition within the one-year

statutory period prescribed by the Antiterrorism Effective Death Penalty Act

("AEDPA").  (Doc. 8).  On June 25, 2007, Brooks returned the notice of election

form, indicating that he wished to proceed with his amended petition for writ of

habeas corpus.  (Doc. 10).  Thus, a Show Cause Order was issued on July 6, 2007.

(Doc. 11).  On August  15, 2007, the District Attorney of Adams County filed a

response to the petition.  (Doc.  19).  On September 7, 2007, Brooks filed a

traverse.  (Doc.  24).

## II.   Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper

mechanism for a prisoner to challenge the "fact or duration" of his confinement.

Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973).  "[I]t is not the province of a

federal habeas court to reexamine state-court determinations on state-law

questions."  Estelle v. McGuire, 502 U.S. 62, 67-8 (1991).  Rather, federal habeas

review is restricted to claims based "on the ground that [petitioner] is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a); Estelle, 502 U.S. at 67-8 (1991); see also Pulley v. Harris, 465 U.S. 37, 41

(1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

## A. **Statute of Limitations**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §

2254 must adhere to a statute of limitations that provides, in relevant part, as

follows:

> (d)(1) A one-year period of limitations shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of - (A) the date
> on which the judgment became final by the conclusion of
> direct review or the expiration for seeking such review . .
> .

> (d)(2) The time during which a properly filed application
> for State post conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195

F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the

period of time for filing a habeas corpus petition begins to run when direct review

processes are concluded.  <u>See</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327 (4th Cir.

2000)("[T]he AEDPA provides that upon conclusion of <u>direct</u> <u>review</u> of a

judgment of conviction, the one year period within which to file a federal habeas

corpus petition commences, but the running of the period is suspended for the

period when state post-conviction proceedings are <u>pending</u> in any state

court.")(emphasis in original); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5ht Cir.

1998)(<u>per</u> <u>curiam</u>); <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1226 (10th Cir. 1998).  It is

<u>not</u> the conclusion of state post-conviction collateral review processes that starts

the running of the limitations period.  <u>See</u>  <u>Bunnell v. Yukins</u>, No. 00-CV-73313,

2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's

assertion, the limitations period did not begin to run anew after the completion of

his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time

within which a "properly filed application" for post conviction relief is pending in

state court.  Thus, when a petition or appeal has concluded and is no longer

pending, the one (1) year statute of limitations starts to run and the time is counted.

A "properly filed application" for post conviction relief under § 2244(d)(2) is one

submitted according to the state's procedural requirements, such as rules

12

governing time and place of filing. <u>Lovasz v. Vaughn</u>, 134 F.3d 146, 148 (3d Cir.

1998). The Third Circuit Court of Appeals has defined "pending" as the time

during which a petitioner may seek discretionary state court review, whether or not

such review is sought. <u>Swartz v. Meyers</u>, 204 F.3d 417 (3d Cir. 2000).

"Pending," however, does not include the period during which a state prisoner may

file a petition for writ of certiorari in the United States Supreme Court from the

denial of his state post-conviction petition. <u>Stokes v. District Attorney of the</u>

<u>County of Philadelphia</u>, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17,

2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the

time during which a habeas petition is pending in federal court. <u>Jones</u>, 195 F.3d at

158.

 In this case, because Brooks failed to file a direct appeal, his conviction

became final on November 18, 2002, at the expiration of the thirty-day period to

file a direct appeal to the Pennsylvania Superior Court.[2] <u>See</u> 42 Pa.C.S.A. §

---

[2] In Pennsylvania, a criminal defendant has thirty days from the date of his
sentence to file a direct appeal with the superior court. <u>See</u> Pa.R.Crim.P. 720(a)(3).
However, in Brooks' case the thirtieth day fell on Saturday, giving him until the
following Monday, November 18, 2002, to file an appeal. <u>See</u> Pa.R.Crim.P. 101(C);
1Pa. C.S. § 1908 (computation of the last day of a time period excludes Saturday,
Sunday, and federal and state holidays); <u>see also</u> <u>Commonwealth v. Baker</u>, 547 Pa.

9545(b)(3); Pa.R.App.P. 903; Pa.R.Crim.P. 720(a)(3).  Thus, the clock for filing a

§ 2254 petition began on November 18, 2002, and Brooks had until November 18,

2003, to file a timely federal habeas corpus petition.  Pursuant to 28 U.S.C. §

2244(d)(2), when Brooks filed his PCRA petition on December 19, 2002, the

AEDPA's filing period was statutorily tolled with approximately 334  days of the

one (1) year filing period remaining.  See Harris, 209 F.3d at 328.  Brooks' PCRA

claims were finally disposed of on December 8, 2004, when the Pennsylvania

Supreme Court denied Brooks' request for allocatur.  Thus, the statutory period

started to run again on December 8, 2004.  Consequently, Petitioner was required

to file his habeas corpus petition within 334 days of December 8, 2004, or by

November 7,  2005.  The instant petition was not filed until June 8, 2007, almost

two years after the limitations period expired.  Thus, the Court finds that

Petitioner's challenge to his original guilty plea and sentence, raised in Petitioner's

issues A (voluntariness of plea) and F(ineffective assistance of trial counsel), are

barred by the statute of limitations.

---

214, 221 690 A.2d 164, 167 (1997)("the Rules of Criminal Procedure are to be
construed in accordance with the rules of statutory construction"); Commonwealth v.
Green, 862 A.2d 613, 617-18 (Pa. Super. 2004)(en banc).

Under the AEDPA, the habeas petition should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Third Circuit Court of Appeals has recently confirmed that only in "extraordinary" and "rare" circumstances may the one year filing period be equitably tolled. Lacava v. Kyler, 398 F.3d 271 (3d Cir. 2005). As the Court in Lacava held, to invoke the doctrine, a petitioner must show that

> the principles of equity would make the
> rigid application of a limitation period
> unfair, such as when a state prisoner faces
> extraordinary circumstances that prevent
> him from filing a timely habeas petition *and*
> the prisoner has exercised reasonable
> diligence in attempting to investigate and
> bring his claims.

Id. at 275-76 (internal citations omitted) (emphasis in original).

In his traverse, Brooks, relying on the Pennsylvania Superior Court's decisions in Commonwealth v. Cappello, 823 A.2d 936 (Pa. Super. 2003) and Commonwealth v. Anderson, 788 A.2d 1019 (Pa. Super. 2001), attempts to argue that he is entitled to equitable tolling. Specifically, he argues that since "a revocation of probation or (as here) Intermediate Punishment resets the PCRA time clock, and the 1 year for filing a PCRA runs anew," his petition should be

15

considered timely filed, as it was filed within one year of the conclusion of

Petitioner's latest PCRA petition. (See Doc. 27, traverse).   Brooks' reliance on

these cases is misplaced.

Both of these Superior Court cases found that the one-year limitations

period for filing a PCRA petition challenging a parole revocation hearing begins to

run from the date the new judgment revoking parole becomes final, not from the

date of the original judgment of sentence. See Cappello, 823 A.2d at 940 (holding

that the revocation hearing date must be employed when assessing finality under

42 Pa.C.S. § 9545(b)(3) when a petitioner assails the validity of that hearing or the

legality of the sentence imposed therein).  The Superior Court's analysis "focused

on the legislature's intent to provide collateral review of revocation proceedings

and the fact that a criminal defendant is entitled to appeal from a sentence imposed

after revocation notwithstanding his failure to appeal the original sentence." Id.;

Anderson, 788 A.2d  1019.  An alternative result would leave defendants without

any recourse, because in many cases, the time for seeking such review under the

PCRA will have expired by the time the revocation proceedings have occurred.

Cappello, 823 A.2d at p. 940.  However, in Anderson, since the petitioner raised

only issues pertaining to his original sentence, and did not raise any allegations

16

challenging the validity of the revocation proceedings or the legality of the
sentence imposed therein, the Pennsylvania Superior Court held that his petition
was untimely. Id. The circumstances in the instant action are very similar to those
in Anderson.

Here, Brooks' IP sentence was revoked three separate times. No direct or
collateral appeal was filed from Petitioner's first revocation. With respect to
Brooks' second revocation, Petitioner filed a PCRA petition on February 22, 2005.
However, because the PCRA petition challenged only aspects of Brooks' original
sentence, the PCRA court issued a notice to Petitioner that the petition would be
dismissed as untimely unless the Petitioner could properly invoke any of the
PCRA's timeliness exceptions, or raised issues challenging the validity of the
revocation proceedings. Because Petitioner failed to file supplemental
documentation, his PCRA petition was dismissed as untimely on March 31, 2005.
Finally, in May 2007, Petitioner filed a third PCRA petition which was dismissed
on May 25, 2007 as untimely. Thus, it is readily apparent that at the time
Petitioner filed the instant federal habeas corpus petition, he did not have a

properly filed PCRA petition pending,[3] so as to toll the federal statute with respect

to any challenge to his original guilty plea and sentence.   Therefore, it is

concluded that equitable tolling is inapplicable in this matter.

---

[3]In <u>Pace v. DiGugliemo</u>, 125 S. Ct. 1807 (2005), which involved
Pennsylvania's post-conviction review statute, the nation's High Court ruled that an
untimely PCRA petition is not "properly filed" within the meaning of 28 U.S.C. §
2244(d)(2) so as to suspend the running of the habeas corpus limitations period. <u>Id</u>.
at 1811. As the Third Circuit Court of Appeals recently observed, "[a]n untimely
state petition for post-conviction relief cannot be 'properly filed' for purposes of §
2244(d)(2)." <u>Satterfield v. Johnson</u>, 434 F.3d 185, 194 (3d Cir. 2006) (citing <u>Pace</u>,
125 S. Ct. at 1811). Both the state trial court and the Pennsylvania Superior Court
have determined that Brook's second and third PCRA petitions filed in 2005 and
2007 were untimely.  These determinations are conclusive on the question of whether
those state court applications were "properly filed" for purposes of § 2244(d)(2). <u>See</u>
<u>Evans v. Chavis</u>, 126 S.Ct. 846, 850 (2006) (state court ruling that habeas petitioner's
delay in seeking state court relief was unreasonable "'would be the end of the
matter'") (quoting <u>Carey v. Saffold</u>, 536 U.S. 214, 226 (2002)); <u>Pace</u>, 125 S.Ct. at
1812 ("When a post conviction petition is untimely under state law, 'that is the end of
the matter' for purposes of § 2244(d)(2)."); <u>Fountain v. Kyler</u>, 420 F.3d 267, 272 n.3
(3d Cir. 2005) ("because the Superior Court found [Fountain's] second [PCRA]
petition untimely, it was not 'properly filed' and thus did not serve to toll the running
of the statute of limitations"). As explained in <u>Merritt v. Blaine</u>, 326 F.3d 157, 168
(3d Cir. 2003), once the highest Pennsylvania court to address the matter rules that a
PCRA petition is untimely, "it would be an undue interference for a federal district
court to decide otherwise." Thus, the state court rulings that Brook's PCRA petitions
were untimely compel the conclusion that this habeas corpus petition is likewise time-
barred. <u>See Brown v. Klem</u>, No. Civ. A. 05-824, 2006 WL 263607, at *6 (E.D. Pa.
Feb. 1, 2006).

### B.    Exhaustion

A district court may only grant a habeas petition if the petitioner has exhausted all available state remedies as to each federal claim raised in the petition. 28 U.S.C. § 2254(b)(1)(A); see also Coleman v. Thompson, 501 U.S. 722, 731-32(1991); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir.2004). Exhaustion requires the petitioner "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the state's established appellate review process," including petitioning for discretionary appeal. O'Sullivan v. Boerckel, 526 U.S. 838, 844-845 (1999); Slutzker, 393 F.3d at 380 (citing Doctor v. Walters, 96 F.3d 675, 681 (3d Cir.1996)). The burden is on the petitioner to establish that all available state remedies have been exhausted. Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir.2005).

Exhaustion is excused for futility if "there is an absence of available State corrective process," for example when an appeal or petition for review would be procedurally barred as untimely, or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii);

19

Slutzker, 393 F.3d at 380 (citing Doctor, 96 F.3d at 681). However, if exhaustion is futile because the petitioner failed to satisfy a state procedural requirement, then the petitioner has procedurally defaulted and the exhaustion requirement is not excused. Coleman, 501 U.S. at 729-730; Slutzker, 393 F.3d at 380-381. An unexhausted claim which may no longer be raised in the state courts because of a procedural bar, such as a prior waiver of the claim or the failure to raise the claim in a timely petition, is considered to have been defaulted. Lambert v. Blackwell, 134 F.3d 506, 518 (3d Cir.1997). Federal courts may not entertain habeas petitions where the petitioner has procedurally defaulted because the procedural default "rests on independent and adequate state procedural grounds." Coleman, 501 U.S. at 729-730; Slutzker, 393 F.3d at 380-381.

Procedural default may be excused only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 749-50; Slutzker, 393 F.3d at 380-381. To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." Murray, 477 U.S. at 488. Actual prejudice requires a petitioner

20

to establish that an error caused him "actual and substantial disadvantage."

Murray, 477 U.S. at 494 (citing United States v. Frady, 456 U.S. 152, 170 (1982)).

Petitioner's issues, B (breach of plea agreement), D (revocation constituting

second increased punishment), G(legality of original IP sentence), H (collateral

consequences) and I (legality of Adams County IP program) were raised for the

first time during Brooks' direct appeal from his third and final IP sentence

revocation.  (See Doc. 21, App. G).   In denying his appeal, the Pennsylvania

Superior Court affirmed the Court of Common Pleas' determination that

Petitioner's claims, which all pertained to his original pleas and sentence, were

waived .  Procedural rules now bar Brooks from pursuing these issues in state

court.[4] Accordingly, he has procedurally defaulted on these claims.

Likewise, Petitioner's remaining issues C (deprivation of state-created

liberty interest) and E (denial of meaningful appellate review), are also

---

[4]The time period for filing a PCRA has expired. See 42 PA. CONS. STAT. § 9545(b)(1) (setting for a one year limitations period). Brooks raises no argument, and the record suggests no possibility, that his claims fall within an exception to the limitations period for filing a petition under the PCRA. See 42 PA. CONS. STAT. §9545(b)(1) (permitting petitions to be filed more than one year after judgment if the failure to raise the claim is attributable to government interference, the facts underlying the claim could not have been ascertained previously, or the claim involves rights newly recognized and retroactively applied by the Supreme Court).

21

procedurally defaulted.

At no time during his direct, or collateral, review from the Court of Common Pleas' September 27, 2005 decision to revoke Petitioner's IP sentence and re-sentence him to a state prison term did Petitioner raise the claim that his revocation from IP and subsequent imposition of a state prison sentence deprived him of a state-created liberty interest. Such a claim should have been raised, either on a direct appeal from his September 27, 2005 sentencing, or in a collateral PCRA petition.

Similarly, with respect to issue E, Petitioner's claim that the Pennsylvania Superior Court's August 22, 2006 Memorandum Opinion denied him "meaningful appellate review," although this claim was raised in Brooks' September 15, 2006 petition for allowance of appeal, the issue was not timely raised before the Pennsylvania Superior Court through a motion for re-argument, or through a timely PCRA petition. Thus, since any challenge to the Pennsylvania Superior Court's August 22, 2006, Memorandum Opinion would now be clearly untimely, Petitioner's issue E is procedurally defaulted.

The Petitioner, however, has not alleged cause or prejudice. Nor has he

demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice.   Accordingly, his challenge to the validity of his conviction must be rejected on the ground that Brooks failed to pursue those issues in the state courts and has not established appropriate grounds for this Court to consider his claims in the first instance.  Consequently, the petition for writ of habeas corpus will be denied.

An appropriate order is attached.

Date: June 20, 2008                                    s/ William J. Nealon
**United States District Judge**

23

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD EUGENE BROOKS, | : | CIVIL ACTION NO. 3:CV-07-1046 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE PATRICK, et al., | : | |
| | : | |
| Respondents | : | |

## <u>ORDER</u>

**AND NOW, THIS  20th DAY OF JUNE, 2008**, for the reasons set forth in

the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 10), is
   **DENIED** pursuant to 28 U.S.C. §2244(d)(1) and the
   procedural default doctrine.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of
   appealabilty.  <u>See</u> 28 U.S.C. § 2253(c).

s/ William J. Nealon____
**United States District Judge**
